## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT ALAN RITTER**, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:09-CV-01250 |
| | : | |
| vs. | : | (Judge William W. Caldwell) |
| | : | |
| **DANIEL VIRTUE, et al.,** | : | Filed Electronically |
| | : | |
| Defendants. | : | |

## MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(4), 12(b)(5) AND 12(b)(6), AND, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e)

Defendants, Daniel Virtue, Ronald Hicks and Gregory Miracle, by and through their undersigned counsel (collectively, the "Defendants"), respectfully request that this Court dismiss Plaintiff's Complaint or, alternatively, order a more definite statement and, as grounds for this request, makes the following averments:

## MOTION TO DISMISS FOR INSUFICIENT
## PROCESS AND INSUFFICIENT SERVICE OF PROCESS

1.      According to the docket, on or about June 30, 2009, Plaintiff appears to have filed a Complaint in the United States District Court in the Middle District of Pennsylvania.

2.      Defendants were not served with the Complaint in compliance with the Federal Rules of Civil Procedure.  A review of the docket in August 2009 indicated that no Proof of Service had been filed with the Court.

3.      A review of the docket on October 1, 2009 indicated that a Proof of Service was executed by Plaintiff and filed on September 4, 2009.  Defendants were never served with or provided with the Affidavit.

4.      A review of the docket on October 1, 2009 indicated that Plaintiff filed a Motion for Extension of Time for Twenty Days on or about September 4, 2009.  Defendants were never served with or provided with the Motion.

5.      A review of the docket on October 1, 2009 indicated that Plaintiff purports to have served the Complaint himself, contrary to Federal Rule of Civil Procedure 4(c)(2), which requires that service be made by a person over 18 years old "and not a party."

6.      A review of the docket also indicates that this Honorable Court issued an Order dated September 15, 2009 granting a Motion to Extend Time to Plaintiff

for serving a complaint and provided that "Plaintiff shall serve the Defendants, in accordance with the Federal Rules of Civil Procedure, by October 30, 2009."

7.    It appears from the docket entry of the above-mentioned Order and the Request for an Extension of Time that this Honorable Court and the Plaintiff were aware that service had not been proper to that point in time.

8.    A subsequent review of the docket indicated that Plaintiff again, on October 30, 2009, purported to have attempted to serve a Complaint himself on an unnamed person, again contrary to Federal Rule of Civil Procedure 4(c)(2), which requires that service be made by a person over 18 years old "and not a party."

9.    Defendants have been unduly prejudiced not only by the insufficient service, but also by Plaintiff's failure to forward to Defendants any of the documents he has filed with the Court, including Motions and Returns of Summons.

10.    In light of the Court's traditional leniency with regard to *pro se* parties and of the Court's September 15, 2009 Order, Defendants presented this Honorable Court with a Motion on October 2, 2009, proposing that the September 15, 2009 Order and the interests of justice would both be best effectuated by maintaining the October 30, 2009 extension as the deadline to serve a Complaint in accordance with the Federal Rules of Civil Procedure, and granting a corresponding Request

for Enlargement of Time to Respond to said Complaint.

11.     This Honorable Court granted Defendants' Motion.

12.     Plaintiff still has not served a Complaint on Defendants in accordance with the Federal Rules of Civil Procedure to date.

13.     A review of the docket entries indicate that no summons was returned or purported to be served with regard to Defendant Gregory Miracle.

14.     Defendants respectfully request Plaintiff's Complaint be Dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5).


**MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION AND FOR FAILURE
TO STATE A CLAIM PURSUANT TO
<u>FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)</u>**

15.     Paragraphs 1 through 14 (pertaining to Defendants' Motion to Dismiss for insufficient service of process) are hereby incorporated as though fully stated.

16.     Although Plaintiff's Complaint itself is exceedingly difficult to organize or understand, the Civil Cover Sheet indicates purported causes of action of breach of contract and discrimination.

17.     Plaintiff, in his Complaint, states that "[t]he discriminating factor of this case is; all members that are off work and not on Workmens Compensation are

eligible to receive the same noncontractual "award/benefit" from the union or their (employee) disibility [sic] company(s.) [sic]"

18.    Discrimination relative to Workers' Compensation does not raise a federal issue.

19.    Plaintiff states in the materials of his Complaint not that he is discriminated against by virtue of disability, but rather by virtue of alleged difference in treatment of persons off work with injury and not on workers' compensation versus those off work and on workers' compensation.

20.    The Defendants are not alleged to be government actors, co-conspirators with employers, or employers, and are not proper Defendants under the Americans with Disabilities Act.

21.    Plaintiff is not alleged to be a proper party or qualified individual under the Americans with Disabilities Act.

22.    No contract is alleged or provided to which Defendant Daniel Virtue is a party.

23.    No contract is alleged or provided to which Defendant Ronald Hicks is a party.

24.    No contract is alleged or provided to which Defendant Gregory Miracle is a party.

25.     No contract is alleged or provided to which Plaintiff is a party.

26.     Plaintiffs are not alleged to be state actors.

27.     The purported causes of action fail to state claims upon which relief can be granted.

28.     The allegations fail to establish a genuine federal question or other ground for subject matter jurisdiction.

29.     Defendants respectfully request Plaintiff's Complaint be Dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).


**DEFENDANTS' ALTERNATIVE MOTION FOR
A MORE DEFINITE STATEMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e)**

30.     Paragraphs 1 through 29 are hereby incorporated as though fully stated.

31.     The body of Plaintiff's purported Complaint is a compilation of letters, medical records, and statements that do not appear to be in any logical order.

32.     The nature of Plaintiff's purported Complaint is such that in its present form, constructing a responsive pleading which comports to the Federal and Middle District Rules would be impossible.

33.     Specifically, the details necessary to respond to the Complaint would include the ground on which Defendants are responsible for Plaintiff's medical expenses, the nature of any contract to which Plaintiff and Defendants are parties, and an allegation of how the Defendants are proper defendants under any federal or state law.

34.     Defendants respectfully request that this Court order a more definite statement sufficient to clarify the nature of the legal and factual claims against Defendants and, therefore, offer the possibility of a coherent and substantive response, and state with clarity the laws, statutes, or causes of action under which the instant lawsuit is brought.

## PRESERVATION OF DEFENSES

35.     Paragraphs 1 through 34 are hereby incorporated as though fully stated.

36.     It appears that, depending on the causes of action, actions addressed by Plaintiff fall outside of the statute of limitations.

37.     It appears that, depending on the causes of action, Plaintiff failed to exhaust administrative remedies.

38.     It appears that, depending on the causes of action, Plaintiff failed to

join required parties.

39.    Defendants wish to retain and not waive the above or any other affirmative defenses that may apply.

WHEREFORE, Defendants request that the Court enter an order granting Defendants' Motions to Dismiss or, alternatively, granting Plaintiff's Motion for a More Definite Statement.

Respectfully Submitted,

s/ Ira H. Weinstock
Ira H. Weinstock, Esquire (PA 01602)
**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA  17102
Telephone:  717-238-1657
Facsimile:  717-238-6691
e-mail:  weinstock.law@verizon.net

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

I, Ira H. Weinstock, Esquire, spoke with the Plaintiff, Robert Ritter, on November 19, 2009 regarding the within Motions and Mr. Ritter indicated he does not concur with said Motions.


Dated:  11/19/09                              /s/ Ira H. Weinstock
                                              IRA H. WEINSTOCK

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby acknowledges that on this date the foregoing document will be served by First Class Mail upon the following:

Robert Alan Ritter
235 Stone Jug Road
Lewisberry, PA  17339

LuAnn DeLong, Benefits Mgr.
Central Penna. Teamsters Health
  and Welfare Fund
P. O. Box 15224
Reading, PA  19612-5225

Dated:  11/19/09               By:   /s/ Ira H. Weinstock