IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ALAN RITTER, :

    Plaintiff :

    vs. :  CIVIL NO. 1:CV-09-1250
:

DANIEL VIRTUE, :
RONALD HICKS,
GREGORY MIRACLE, :
LuANN DeLONG,
    Defendants :

*M E M O R A N D U M*

*I.    Introduction*

    Presently before the court are Defendants' motions to dismiss Plaintiff's complaint pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. From what we can discern from the four corners of the complaint, Plaintiff Robert Ritter alleges, among other things, that the Defendants discriminated against him while he was on disability by interfering with his ability to receive medical treatment for his injuries. He claims violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq, breach of contract and civil conspiracy to deny medical benefits. Consequently, Ritter argues that he is unable to return to work and therefore will lose his contractual seniority. For the reasons that follow, we will grant both motions.

*II.    Background*

    Plaintiff is employed as a truck driver by Arkansas Best Freight Systems, Inc. ("ABF") and is a member of Teamsters Local Union No. 776 ("Union"). The ABF

and Union are parties to the NMFA, which provides medical and pension benefits to members. The benefits are administered by the Central Pennsylvania Teamsters Health and Welfare Fund ("Fund").

It is unclear when Ritter's injury occurred, but at some point while working for ABF, he suffered an injury to his spine requiring medical treatment. As a result, Ritter applied for and was granted short-term disability through a union disability program. He is presently not working and considers himself totally disabled as a result of the injury. Ritter claims that he tried to receive medical treatment for the injury, but has been unsuccessful because numerous doctors refused to treat the injury properly. The gravamen of Plaintiff's complaint appears to be that the Defendants, conspiring with Ritter's doctors, are punishing him for the amount of income he received while on disability by interfering with his ability to obtain medical treatment and/or minimize the medical treatment he obtains. If he is unable to receive treatment for the injury, Ritter alleges that he will be unable to return to work and consequently will lose seniority. Additionally, plaintiff alleges a breach of the NFMA for failing to provide him the benefits contemplated in the agreement.

At the outset, we note that plaintiff's complaint is written in an unintelligible narrative style and not in compliance with the Federal Rules of Civil Procedure. The civil coversheet attached to plaintiff's complaint indicates that the Plaintiff is pursuing claims for violations of the ADA, breach of contract, and discrimination. Ritter's complaint otherwise makes no mention of the ADA. Subsequently, he sent a letter to the Defendants, informing them that his claim was for a violation of the ADA only. Additionally, Ritter attempted to amend the scope of the complaint in his response to the Defendants' motions to dismiss by adding several

allegations.[1] Because we are considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), we will only analyze the allegations made in plaintiff's complaint. Thus, we will construe Ritter's complaint as alleging violations of ADA, breach of contract claim and civil conspiracy, and not the additional allegations first raised in his brief in opposition.

Defendants Virtue, Hicks, and Miracle filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(4), 12(b)(5) and 12(b)(6), or alternatively, a motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e). Defendant De Long separately filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or alternatively a motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e).

*III.    Discussion*

  *A.    Motion to Dismiss Pursuant to 12(b)(5)*

As a threshold matter, Defendants Virtue, Hicks and Miracle's raise the issue of sufficient service. Specifically, Defendants argue that service was improper because it was made by the Plaintiff, and under Federal Rule of Civil Procedure 4(c)(2) service may only be made by "a person who is at least 18 years old and *not a party.*" Fed.R.Civ.P. 4(c)(2)(emphasis added). Although courts must construe pro se complaints liberally, *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003)(quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972)), we do not have jurisdiction over parties that have not been properly served in accordance

---

[1] Specifically, plaintiff alleges in his brief that (1) Defendants Virtue, Hicks, and Miracle "abused their power;" (2) his Fifth Amendment, Sixth Amendment, and Eighth Amendment rights were violated; (3) Defendants failed to serve a writ of habeas corpus upon him; (4) Defendants violated the Capital Health Systems Corporate Compliance Program; and (5) Defendants "maliciously disregarded" the National Master Freight Agreement ("NMFA").

with Rule 4 of the Federal Rules of Civil Procedure. *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996).

This issue is not in dispute. Plaintiff admitted to personally serving the Defendants because he was "instructed by the Office of the Clerk" to deliver the summons and complaint. (doc. 24.) In addition, the proof of service filed by the Plaintiff indicates that he personally served the Defendants. (doc. 8.) Plaintiff was aware that he must abide by the requirements of the Federal Rules of Civil Procedure because, on September 15, 2009, we granted him additional time to serve the complaint "in accordance with the Federal Rules of Civil Procedure." (doc. 9.)

Based on the preceding, we conclude that Defendants Virtue, Hicks and Miracle were not properly served in accordance with the Federal Rules of Civil Procedure. Thus, we will grant their motion and dismiss the claims against them without prejudice. Since we are without jurisdiction over the Defendants, we will not address the other issues presented in their motion.

*B.     Motion to Dismiss pursuant to 12(b)(6)*

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

As we previously indicated, Ritter's complaint alleges violations of the ADA. To plead a prima facie case under the ADA, a plaintiff is required to show:

> (1) he is a disabled person within the meaning of the ADA;
> (2) he is otherwise qualified to perform the essential
> functions of the job, with or without reasonable
> accommodations by the employer; and (3) he has suffered
> an otherwise adverse employment decision as a result of
> discrimination.

*Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004)(quoted cases omitted). In addtion, the ADA requires exhaustion of administrative remedies before a plaintiff may file a complaint in court. *Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir. 1999). "A party who brings an employment discrimination action under Title I of the ADA must follow the administrative procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5." *Id.* (citing *Bishop v. Okidata, Inc.*, 864 F.Supp. 416, 424 (D.N.J. 1994)). Thus, prior to filing a complaint in court, a party must first file an action with the Equal Employment Opportunity Commission ("EEOC") and wait 180 days to allow the EEOC to investigate and pursue the matter. *See* 42 U.S.C. § 2000e-5(e)(1). After 180 days, "[i]f a complainant is dissatisfied with the progress the EEOC is making on his or her charge of employment discrimination, he or she may elect to circumvent the EEOC procedures and seek relief through a private enforcement action in a district court."

*Occidental Life Ins. Co. Of California v. EEOC*, 432 U.S. 355, 361 (1977). Thus, at the end of the 180 day period a plaintiff may request what is commonly referred to as a "right-to-sue" letter from the EEOC, which the EEOC must issue upon request. *McNasby v. Crown Cork and Seal Co.*, 888 F.2d 270, 274 (3d Cir. 1989). Until a plaintiff has pursued this administrative remedy, however, he may not file a lawsuit under Title I of the ADA.

Furthermore, Ritter also alleges breach of contract and civil conspiracy. In order to show a claim of civil conspiracy to deny medical care, Ritter must show that: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *McGuire v. Shubert*, 722 A.2d 1087, 1092 (Pa. Super. Ct. 1998). Finally, for breach of contract under Pennsylvania law, Ritter must allege 1) the existence of a contract, including its essential terms, 2) a breach of a duty imposed by the contract and 3) resultant damages. *Gorski v Smith*, 812 A.2d 683, 682 (Pa. Super. 2002).

As Defendant De long argues, Ritter has failed to plead sufficient facts showing her involvement in any of the claims brought by the Plaintiff. The sole allegation against De Long is that she had a "heated" conversation with Ritter and informed him to "ask Mr. Virtue where he gets his information from." Complaint at pg. 32. This one allegation is insufficient to show a breach of contract, civil conspiracy or violations of the ADA. Likewise, we note that the Plaintiff does not indicate whether he has complied with the necessary administrative process for his ADA claim. Therefore, we will grant DeLong's motion to dismiss while granting leave to the Plaintiff to amend his complaint to plead sufficient facts showing a violation of the ADA, breach of contract and civil conspiracy.

*III. Conclusion*

Based on the foregoing, we will grant Defendants Virtue, Hicks and Miracle's motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process without prejudice.  We will grant also Defendant De Long's motion to dismiss with leave to the Plaintiff to amend his complaint against her to plead sufficient facts showing a violation of the ADA, breach of contract and civil conspiracy.

We remind the Plaintiff, even though he is proceeding pro se, that he must conform his filings to the requirements of the Federal Rules of Civil Procedure, specifically Rule 8, and any applicable Local Rules.

Plaintiff also is advised that to file amended claims he must file another complaint. The amended complaint must stand on its own. It must be a completely new pleading that restates all of his claims, even the ones in the current complaint that were not dismissed. Any amended complaint cannot merely be a supplement to his original one. In other words, Plaintiff must start over.

We will issue an appropriate order.

                                                 /s/William W. Caldwell
                                                 William W. Caldwell
                                                 United States District Judge

Date: April 7, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ALAN RITTER, :

    Plaintiff :

    vs. : CIVIL NO. 1:CV-09-1250
:

DANIEL VIRTUE, :
RONALD HICKS,
GREGORY MIRACLE, :
LuANN DeLONG,
    Defendants :

*O R D E R*

AND NOW, this 7th day of April, 2010, upon review of the Defendants' motions to dismiss, and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendants Virtue, Hicks and Miracle's motion to dismiss pursuant to Rule 12(b)(5) (doc. 14) is granted without prejudice.

    2. Defendant De Long's motion (doc. 19) to dismiss is granted with leave to the Plaintiff to file an amended complaint to plead sufficient facts showing a plausible violation of the ADA, breach of contract and civil conspiracy.

    3. Plaintiff shall file any amended complaint against DeLong within twenty-one (21) days of the date of this order. If he fails to do so, this action will be dismissed.

                        /s/William W. Caldwell
                        William W. Caldwell
                        United States District Judge