IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ALAN RITTER, :

    Plaintiff :

    vs. : CIVIL NO. 1:CV-09-1250
:

DANIEL VIRTUE, :
RONALD HICKS,
GREGORY MIRACLE, :
LuANN DeLONG,
    Defendants :

*M E M O R A N D U M*

*I.*    *Introduction*

Presently before the court are defendants Daniel Virtue, Ronald Hicks, Gregory Miracle's motions to dismiss the amended complaint pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. In addition, defendant DeLong filed a motion to dismiss pursuant to Rule 12(b)(6) as well as a motion for summary judgment. From what we can discern from the amended complaint, Ritter alleges, amongst other things, that the defendants discriminated against him while he was on disability by interfering with his ability to receive medical treatment for his injuries. He claims violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq, breach of contract, and civil conspiracy to deny medical benefits. Furthermore, in his brief opposing the pending motions, Ritter contends defendants also violated the provisions of the Labor Management Reporting Disclosure Act. However, since this matter was not included in his complaint, we will not address it. For the reasons that follow, we will grant both motions.

*II.     Background*

We see no reason to set forth a detailed factual background as the facts were thoroughly addressed in our earlier decision, *Ritter v. Virtue*, No. 09-1250, 2010 WL 1433130 (M.D. Pa. April 7, 2010). Any new, relevant allegations in the amended complaint will be discussed as necessary.

*III.    Discussion*

*A.    Motion to Dismiss Pursuant to 12(b)(5)*

Defendants Virtue, Hicks and Miracle's again raise the issue of sufficient service. Specifically, Defendants argue that service was improper because it was made by the Plaintiff, and under Federal Rule of Civil Procedure 4(c)(2) service may only be made by "a person who is at least 18 years old and *not a party*." Fed.R.Civ.P. 4(c)(2)(emphasis added). Although courts must construe pro se complaints liberally, *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003)(quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972)), we do not have jurisdiction over parties that have not been properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996).

This issue is not in dispute. Plaintiff acknowledged that he personally served the Defendants because he was "instructed by the Office of the Clerk" to deliver the summons and complaint. (doc. 24.) In addition, the proof of service filed by the Plaintiff indicates that he personally served the Defendants. (doc. 8.) Plaintiff was aware that he must abide by the requirements of the Federal Rules of Civil Procedure because, on September 15, 2009, we granted him additional time to serve the complaint "in accordance with the Federal Rules of Civil Procedure." (doc. 9.) Likewise, in our order

2

dismissing his original complaint, we informed the plaintiff that we lacked jurisdiction over these defendants since he improperly served the complaint. *See Ritter*, 2010 WL 1433130 at *2. A review of the court's docket reveals that plaintiff still has not properly served the complaint on these defendants. Since Ritter has continuously failed to serve both the original compliant and the amended complaint on defendants Virtue, Hicks, and Miracle, we will grant their motion and dismiss the complaint.

> *B.     De Long's Motion to Dismiss pursuant to 12(b)(6)*

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

As we previously indicated, Ritter's complaint alleges violations of the ADA. To plead a prima facie case under the ADA, a plaintiff is required to show:

> (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.

*Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004)(quoted cases omitted). In addtion, the ADA requires exhaustion of administrative remedies before a plaintiff may file a complaint in court. *Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir. 1999). "A party who brings an employment discrimination action under Title I of the ADA must follow the administrative procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5." *Id.* (citing *Bishop v. Okidata, Inc.*, 864 F.Supp. 416, 424 (D.N.J. 1994)). Thus, prior to filing a complaint in court, a party must first file an action with the Equal Employment Opportunity Commission ("EEOC") and wait 180 days to allow the EEOC to investigate and pursue the matter. *See* 42 U.S.C. § 2000e-5(e)(1). Until a plaintiff has pursued this administrative remedy, however, he may not bring a private discrimination action under Title I of the ADA in court.

Furthermore, Ritter also alleges breach of contract and civil conspiracy. In order to show a claim of civil conspiracy to deny medical care, Ritter must show that: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *McGuire v. Shubert*, 722 A.2d 1087, 1092 (Pa. Super. Ct. 1998). Finally, for breach of contract under Pennsylvania law, Ritter must allege 1) the existence of a contract, including its

4

essential terms, 2) a breach of a duty imposed by the contract and 3) resultant damages. *Gorski v Smith*, 812 A.2d 683, 682 (Pa. Super. 2002).

We conclude that plaintiff has failed to cure the deficiencies in his original complaint. He has failed to allege any facts that would indicate a plausible conspiracy or a breach of contract claim against defendant De Long. Furthermore based on the foregoing requirements for an ADA claim, we must conclude that Ritter has failed to sufficiently plead a disability discrimination claim. Simply, the amended complaint is devoid of any facts indicating that De Long engaged in activities that amounted to disability discrimination.[1]

*III. Conclusion*

Based on the foregoing, we will grant defendants Virtue, Hicks and Miracle's motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process. We also will grant defendant De Long's motion to dismiss.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 30, 2010

---

[1] We will dismiss defendant De Long's motion for summary judgment for failure to conform her motion to the local rules. Local Rule 56.1 requires that when a defendant files a motion for summary judgment the motion must be accompanied by a separate statement of material facts. Here, De Long failed to file such a statement.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ALAN RITTER, :
    Plaintiff :
 :
    vs. : CIVIL NO. 1:CV-09-1250
 :
DANIEL VIRTUE, :
RONALD HICKS,
GREGORY MIRACLE, :
LuANN DeLONG,
    Defendants :

*O R D E R*

AND NOW, this 30th day of November, 2010, upon review of the Defendants' motions to dismiss, and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendants Virtue, Hicks and Miracle's motion to dismiss pursuant to Rule 12(b)(5) (doc. 44) is granted and all claims against them are dismissed.

    2. Defendant De Long's motion (doc. 46) to dismiss is granted and all claims against her are dismissed.

    3. The Clerk of Court shall close this file.

                                     /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge